# A<span style="font-variant:small-caps">nderson</span> K<span style="font-variant:small-caps">ill</span> P.C.

Attorneys and Counselors at Law

7 TIMES SQUARE, 15TH FLOOR ■ NEW YORK, NY 10036
TEL: 212-278-1000 ■ FAX: 212-278-1733
www.AndersonKill.com

Samuel M. Braverman, Esq.
SBraverman@AndersonKill.com
Tel. 212-278-1008

May 15, 2025

Re:  *United States v. Le Van Hung*, 24 Cr. 322

<u>BY ECF and EMAIL</u>
Hon. Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Marrero:

    I am counsel for Le Van Hung, defendant no. 2 on the above referenced indictment. On March 28, 2025, this Court held a status conference on this matter regarding the currently scheduled trial date of October 6, 2025, and pre-trial motion schedule attendant to that trial date. [Dkt Entry N. 57].[1] At that conference, the Court directed me to submit a letter to the Court by today indicating if we, as new counsel for Defendant Hung, would be ready to proceed to trial on October 6, 2025 or would we be seeking an adjournment. I write to the Court seeking to adjourn the current trial date.

    I request that this Court adjourn the trial until the last week of February, 2026, or as soon thereafter as the Court can accommodate the parties. The defense for Mr. Hung believes that this is the necessary amount of time needed to be properly prepared for trial for the following reasons:

1. There is a substantial amount of discovery already produced in this case (greater than 600,000 pages) that has to be reviewed and digested, some of which is in a

---

[1] Minute Entry for proceedings held before Judge Victor Marrero: Status Conference as to Weidong Guan, Le Van Hung held on 3/28/2025. The Court held a status conference to address scheduling matters. AUSA Emily Deininger present on behalf of the Government. Attorneys Guy Petrillo and Kevin Puvalowski present on behalf of defendant Weidong Guan, who was present. Attorney Jeremy Shockett present on behalf of defendant Le Van Hung, who was present. Court reporter present. Mandarin interpreter present. Vietnamese interpreter present. The parties discussed scheduling matters and motions schedule. Counsel for Defendant Hung will update the Court on whether they will be prepared for the currently scheduled October trial by May 15, 2025. Trial will be from October 6 to October 24. Assuming the schedule stands, Rule 12 motions are to be filed by June 26, 2025; oppositions are to be filed by July 29, 2025; and replies are to be filed by August 12, 2025. (Motions due by 6/26/2025. Responses due by 7/29/2025. Replies due by 8/12/2025.) (lnl) (Entered: 03/28/2025)

**Anderson Kill P.C.**

Page 2

foreign language and was translated by the Government but the defense does not always agree with the translation and so potential translation corrections will be necessary prior to their use at trial by either party;

2. There is a protective order in place covering a substantial portion of the discovery and which requires that all covered documents be brought to the defendant for his review and then removed from his possession so that he cannot review protected material "on his own time". (There are some documents which are marked "attorney's eyes only" and can only be summarized for the defendant);

3. The defendant speaks only Vietnamese, and thus requires an interpreter for all in person jail visits (he cannot call my office as I do not have a Vietnamese speaking staff member at my firm);

4. The defendant is incarcerated at MDC, and thus all communications require a visit to the prison with the interpreter (and is subject to the interpreter's availability). Any communication with the defendant by any written medium is reviewed by BOP staff (be it email, letters, or documents dropped in the "Attorney-Client Communication Mailbox" at the prison) and so to maintain the Attorney-Client privilege, only face-to-face communications are protected;

5. There is a substantial amount of additional investigation needed to be completed by the defense, including subpoenas for production from third parties, which may also include motion practice related to that investigation and discovery;

6. The defense is interviewing potential expert witnesses for use at trial, and proper preparation of those expert witnesses requires providing the expert with all the discovery, some of which has not yet been obtained (and there was an additional production of discovery this week by the Government);

7. My co-chair of the Anderson Kill White Collar Defense Group, Jeremy Shockett, is my co-counsel for this trial, and he has a jury trial set for the first week of January, 2026 in New York County Supreme Court, and he expects that that trial will take approximately 4-6 weeks to complete; and

8. An adjournment of less than two months (into November or December of 2025) is unlikely to be sufficient to address the pre-trial investigation and preparation necessary, as well as introduce several holidays into the trial schedule that make seating a jury more complicated.

I thank the Court for its consideration of this request. We have conferred with counsel for Mr. Guan, who has advised that from a scheduling perspective, Mr. Guan does not object to a change in the trial date to late February 2026, but otherwise reserves all rights. I have spoken with AUSA Rebecca Dell, and she did not indicate the Government's position on this request.

**Anderson Kill P.C.**

Page 3

                                        Respectfully submitted,
                                        *<u>Sam Braverman</u>*
                                        Anderson Kill, P.C.
                                        Attorneys for Defendant