

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2026
```

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

**BY ECF**

The Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

```
Defendants Guan and Hung are
hereby ordered to submit a
response to the Government's
submission within seven (7) days
from the date of this order.

SO ORDERED.

Dated: February 26, 2026
New York, New York
```

*[signature] Victor Marrero, U.S.D.J.*

Re:   *United States v. Weidong Guan & Le Van Hung*, 24 Cr. 322 (VM)

Dear Judge Marrero:

The Government writes to respectfully request that the Court set a series of deadlines for pretrial disclosures and filings, as well as certain deadlines during trial of this matter, and to provide an updated estimate of the length of trial. As set forth below, the majority of these deadlines are on consent.

### I.   The Updated Estimate of the Length of Trial and Proposed Deadlines

The parties have conferred for several weeks regarding pretrial deadlines, and during these discussions all parties have provided updated estimates of the length of trial. The Government now estimates that its case-in-chief is likely to last approximately three to four weeks (although the Government will as always seek to present its case as efficiently as possible, which may result in a shorter case-in-chief), and understands that defense counsel believes that one week should be allotted for any defense cases, resulting in a total length of trial of approximately four to five weeks.

During their discussions, the Government, counsel for Guan, and counsel for Hung have reached agreement on most but not all of the following deadlines, as noted in each entry below.

1. Government's expert notice: March 12, 2026 *(agreed)*

2. Defendants' expert notice: March 26, 2026 *(agreed)*

3. Government's Rule 404(b) notice: April 6, 2026 *(agreed)*

4. Defendants' notice of any affirmative defenses: April 13, 2026 *(agreed)*

5. Motions *in limine*: April 13, 2026 *(agreed)*

6. Responses to motions *in limine*: April 21, 2026 *(agreed)*

7. Replies supporting motions *in limine*: April 24, 2026 *(agreed)*

8. Final pretrial conference: At the Court's convenience the week of April 27, 2026 *(agreed)*

9. Government's witness list for case-in-chief (along with proffers of witness testimony if not adequately set forth in 3500 material or otherwise): April 20, 2026 *(both defendants request March 30, 2026)*[1]

10. Government's exhibit list for case-in-chief: April 20, 2026, subject to good-faith revision *(both defendants request March 30, 2026)*

11. Defendants' non-impeachment exhibits to be introduced during the Government's case-in-chief: April 27, 2026, subject to good-faith revision *(agreed)*

12. Voir dire: April 13, 2026 *(agreed)*

13. Requests to charge: April 13, 2026 *(agreed)*

14. Any visuals or slides to be used in opening statements: 24 hours before anticipated opening *(agreed)*

15. Party's anticipated witnesses and exhibits to be offered in connection with each witness's direct testimony in the Government's case-in-chief, or defense case, if any: After the trial day at least 2 calendar days before each witness is reasonably expected to start to testify (subject to good-faith revision) *(agreed)*

16. Opposing party's objections to those exhibits: up to 24 hours after notice *(agreed)*

17. Opposing party's non-impeachment exhibits to be offered in connection with that witness's testimony: Up to 24 hours after notice, subject to good-faith revision *(agreed)*

18. Defense exhibits to be used in defense case; defense witness list; defense Rule 26.2 material; and proffers of defense witness testimony if not adequately set forth in Rule 26.2 material or otherwise: At least 10 days before the anticipated start of the defendants' case, even if the defendant has not firmly decided whether or not to put on a case, subject to good-faith revision, but in no event before the parties' opening statements. *(Both defendants request that this deadline be at least 5 days before the anticipated start of the defense case but in no event prior to opening statements.)*

---

[1] Although the Court lacks power to order the production of witness statements covered by 18 U.S.C. § 3500 in advance of the witness's testimony, *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) (The "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."), the Government plans to voluntarily produce witness statement material in a rolling production beginning on April 20, 2026. Both defendants request that the Government do so on March 27, 2026, *i.e.,* prior to the production of exhibit or witness lists, and more than six weeks before trial.

19. Responses from Rule 17(c) subpoenas, if any: Promptly after receipt, except if otherwise ordered by the Court for good cause shown *(agreed)*

## II.  The Government's Proposed Deadlines Should Be Ordered

As set forth above, the dispute among the parties centers around the Government's dates for disclosing its exhibits, witness list, and witness statement materials to be used in its case-in-chief (*i.e.*, items 9-10 above), and the defendants' dates for disclosing their corresponding materials to be used in their case-in-chief (*i.e.*, item 18 above).  The Government's proposed deadlines are fair and proportionate, and highly similar to deadlines used in trials of similar length or substantially longer.

The Government proposes that Government exhibits, witness lists, and witness statement materials be disclosed three weeks before trial (in a rolling production subject to good-faith supplementation, as is customary), a deadline that tracks the three-week deadline ordered by Judge Stein in *United States v. Robert Menendez, et al.*, No. S4 23 Cr. 490 (SHS) (ECF No. 247).  This three-week deadline, which was entered over defense objection, proved sufficient for a highly document-intensive public corruption trial that ran to almost 10 weeks—substantially longer than the parties anticipate trial to last in the instant matter.  *See also United States v. Nadine Menendez*, No. 23 Cr. 490 (SHS) (ECF No. 673) (imposing deadline of three weeks and one day in similarly document-intensive trial lasting five weeks).  Such deadlines are similar to those used in numerous complex and document-intensive white-collar cases in this District.  *See, e.g.*, *United States v. Silver*, 15 Cr. 93 (month-long bribery trial; 3500 material and Government exhibits produced approximately three weeks before trial); *United States v. Ash*, No. 19 Cr. 7809 (LAK) (two-week white collar trial; 3500 rolling production beginning 18 days before and to be completed 8 days before trial); *United States v. Stewart*, 15 Cr. 287 (three week insider trading trial; 3500 material produced approximately three weeks from trial; *defense* exhibits produced approximately one week later); *United States v. Tagliaferri*, 13 Cr. 115 (three week securities fraud trial; 3500 material and Government exhibits produced seventeen days before trial); *United States v. Whitman*, 12 Cr. 125 (three week insider trading trial; 3500 material and Government exhibits produced two weeks before trial); *United States v. Costanza*, 12 Cr. 725 (multiple week fraud trial; 3500 material and Government exhibits produced two weeks before trial); *United States v. Fleishman*, 11 Cr. 32 (three week insider trading trial; 3500 material and Government exhibits produced one week before trial); *United States v. Jiau*, 11 Cr. 161 (three week insider trading trial; 3500 material and Government exhibits produced two weeks before trial); *United States v. Gupta*, 11 Cr. 907 (three week insider trading trial; 3500 material and Government exhibits produced three weeks before trial).

Likewise, the Government's proposal that commensurate defense disclosures be due 10 days before the start of the defendant's case is in line with the deadlines set in the *Robert Menendez et al.* and *Nadine Menendez* trials, *see* No. S4 23 Cr. 490 (SHS) (ECF Nos. 247, 673).  Indeed, it contains an additional accommodation, as a courtesy at the request of the defense, providing that even if the Government's case is shorter than presently anticipated, the defense disclosures need not be made before opening statements.  This, of course, is substantially more generous to the defense than the numerous cases in which courts have ordered the disclosure of defense exhibits for their case-in-chief well before the trial starts.  *See, e.g.*, *United States v. Ortega*, No. 22 Cr. 91 (RA) (S.D.N.Y. Jan. 10, 2023) (ECF No. 93) (approximately one week before trial); *United States*

*v. Shah*, No. 19 Cr. 833 (SHS) (S.D.N.Y. July 5, 2022) (ECF No. 583, at 7-8) (11 days before trial over objection); *United States v. Melzer*, No. 20 Cr. 314 (GHW) (S.D.N.Y. Jun. 16, 2022) (ECF No. 131) (11 days before trial over objection); *United States v. Liu*, No. 19 Cr. 804 (VEC) (S.D.N.Y. Feb. 28, 2022) (ECF No. 177) (12 days before trial over objection); *United States v. Gillier*, No. 11 Cr. 409 (PAE) (S.D.N.Y. Feb. 1, 2022) (ECF No. 75) (approximately three weeks before trial); *United States v. Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 7, 2022) (ECF No. 213) (approximately two weeks before trial over objection); *United States v. Maxwell*, No. 20 Cr. 330 (AJN) (S.D.N.Y. June 2, 2021) (ECF No. 297) (three weeks before trial over objection); *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. May 4, 2022) (ECF No. 206) (14 days before trial over objection); *United States v. Brennerman*, No. 17 Cr. 337 (RJS) (S.D.N.Y. Aug. 3, 2017) (ECF No. 24) (18 days before trial).

The defendants' proposal, by contrast, seeks the disclosure of Government exhibits six weeks before trial, and the disclosure of witness statement material—which the Court lacks power to order, *Coppa*, 267 F.3d at 145—even before that. Moreover, while demanding such early disclosures from the Government, the defendants seek to delay the disclosure of the materials to be used in their defense case until just five days before that case begins, even though they contemplate a one-week defense case and their disclosures would necessarily be made during trial. The defendants' proposal is disproportionate and would result in a windfall to the defendants not necessitated by the nature of the case.

The Government thus respectfully requests that the Court order the Government's proposed deadlines.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   s/ Paul M. Monteleoni
      Benjamin M. Burkett / Rebecca T. Dell /
      Paul M. Monteleoni /Amanda C. Weingarten
      Assistant United States Attorneys
      (212) 637-2455 / 2198 / 2219 / 2257

cc: Counsel of Record (by ECF)