**Petrillo Klein + Boxer** LLP

655 Third Avenue, 12th Fl.
New York, NY 10017

T: 212.370.0330
www.pkbllp.com

**GUY PETRILLO**
gpetrillo@pkbllp.com
D: 212.370.0331
M: 646.385.1479

February 27, 2026

**BY ECF**

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Weidong Guan and Le Van Hung*
           24 Cr. 322 (VM)

Dear Judge Marrero:

    As directed by the Court, in connection with the above-captioned matter and on behalf of our client Weidong Guan, we respectfully submit this letter in response to the government's letter dated February 13, 2026, regarding pre-trial deadlines and a scheduling order. We have coordinated with counsel for co-defendant, Le Van Hung, and Mr. Hung joins in this response.

    As previewed by the government, the parties have reached an agreement on all pre-trial deadlines, except for the following items[1]:

    9.    Government's witness list for case-in-chief (along with proffers of witness testimony if not adequately set forth in 3500 material or otherwise).

    10.    Government's exhibit list for case-in-chief, subject to good-faith revision.

---

[1] The "items" in this letter correspond to the numbered list of pre-trial deadlines referenced in the government's letter dated February 13, 2026 (*see* ECF 111 at 2).

18. Defense exhibits to be used in defense case; defense witness list; defense Rule 26.2 material; and proffers of defense witness testimony if not adequately set forth in Rule 26.2 material or otherwise.

With respect to Items 9 and 10 (the government's disclosure of its exhibit and witness lists for its case-in-chief), Defendants propose a March 30, 2026, deadline. This schedule provides disclosure six weeks before trial, a reasonable deadline in light of the defendants' language limitations. Neither defendant is a native English speaker. Although Mr. Guan reads English, reviewing and understanding materials in English takes longer than it would with a native English speaker. We understand that Mr. Hung does not read or speak English and requires Vietnamese translations of all English-language materials. The defendants' language barriers are a significant case-specific factor that the government's proposal overlooks. The parties' competing dates differ by only three weeks. The extra time Defendants seek is reasonable and proportionate to this case.

As to Item 18 (Defendants' disclosure of their exhibit and witness lists for any anticipated defense case), Defendants' proposal is likewise appropriate. Apart from expert witnesses, which are subject to a separate, agreed-upon deadline, the defense cannot reliably identify witnesses or exhibits until the government's case is underway. Given the current estimated trial length, the government will have presented only about one-third of its case-in-chief by the disclosure deadline it proposes, rendering a premature defense disclosure unduly burdensome. An earlier deadline would also force Defendants to submit speculative disclosures. Defendants therefore propose serving their disclosures five days before any defense case begins, a fair compromise that will yield more reliable disclosures.

For the reasons stated above, Mr. Guan respectfully requests that the Court order: (1) a March 30, 2026, deadline for the government to disclose its exhibit and witness lists for its case-in-chief (reflected in Items 9 and 10); and (2) Defendants' disclosure of any exhibit and witness lists (reflected in Item 18) occur at least five days before the start of any defense case, but in no event prior to opening statements.

Respectfully submitted,

*/s/ Guy Petrillo*
Guy Petrillo

cc:    All Counsel (Via ECF)