

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 15, 2026

**BY ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    ***United States v. Weidong Guan & Le Van Hung*, 24 Cr. 322 (VM)**

Dear Judge Marrero:

      The Government respectfully writes, pursuant to the Court's directive at the May 8, 2026 conference, to update the Court on the progress of the parties' discussions regarding stipulations, as well as to advise the Court of certain steps that the Government has taken following a remark by counsel for defendant Le Van Hung at the conference, regarding his client's review of the Government's trial exhibits prior to their introduction at trial.

      The parties have been making some progress on stipulations, though no stipulations have yet been signed. On May 8, 2026, the same day as the conference, the Government sent the defendants an updated set of nine stipulations, as well as an index identifying which exhibits corresponded with which certifications as requested by counsel for Hung at the conference, and offered to answer questions or otherwise discuss. On May 14, 2026, counsel for defendant Weidong Guan responded substantively with respect to the stipulations, rejecting one stipulation, requesting changes to the other stipulations, and indicating he would need additional time to review certain of the stipulations. Counsel for Hung indicated that day that he was still reviewing the stipulations but was largely in agreement with Guan's position. The Government has made changes addressing Guan's requests, and transmitted five revised stipulations to defense counsel today, which counsel for Guan has agreed to sign. The Government has not yet received the position of counsel for Hung on these five revised stipulations. The Government intends to continue to work with defense counsel regarding the outstanding stipulations, and to propose one or more additional stipulations, as appropriate, in preparation for trial.

      The Government also writes to advise the Court, following a remark by counsel for Hung at the May 8, 2026 conference, that the Government has reminded Hung's counsel of the options available for his client to review case documents while detained. At the May 8, 2026 conference, counsel for Hung claimed that, because Hung was detained, he did not expect Hung to review the Government's trial exhibits prior to their introduction at trial. (*See* Tr., May 8, 2026, at 9 ("And add on top of that, my client is incarcerated. Because the technical capabilities, the first time he's going to see any of these exhibits is when they show it to the jury.")). Following the conference,

the Government wrote to counsel for Hung to remind him of the possibility that he could, if he so chose and to the extent consistent with the Protective Order, send his client a hard drive of case documents such as discovery or trial exhibits, for his client to review while detained, and could also bring such documents (including documents designated as Attorney's Possession Only under the Protective Order) to MDC Brooklyn to review with Hung.  The Government has also obtained an email from the legal staff at MDC Brooklyn containing additional information regarding the tools available to facilitate Hung's review of such case documents, and has forwarded that email to counsel for Hung.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   s/ Paul M. Monteleoni         
        Benjamin M. Burkett / Rebecca T. Dell /
        Paul M. Monteleoni /Amanda C. Weingarten
        Assistant United States Attorneys
        (212) 637-2455 / 2198 / 2219 / 2257

cc: Counsel of Record (by ECF)

2
